UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. PERROT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2279 CDP |
| ) | |
| DHL EXPRESS (USA), INC., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion to remand for lack of subject matter jurisdiction. This case was removed to this Court from the Circuit Court for the City of St. Louis, Missouri on the basis of diversity jurisdiction. Plaintiff contends that this Court lacks diversity jurisdiction over this action because the amount in controversy does not exceed $75,000, exclusive of interest and costs.[1] Plaintiff's contention rests on the prayer for relief asserted in his state-court petition along with his offer to settle this case for $34,000.

---

[1]Plaintiff also argues that remand is required because the notice of removal was not filed within thirty days of receipt of the state-court petition. Defendant contends that it timely removed this action under 28 U.S.C. § 1446(b), which permits removal of an initially non-removable case within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." According to defendant, it could not ascertain that plaintiff was seeking more than $75,000 in damages until it received plaintiff's discovery responses. I agree. Because plaintiff's discovery responses -- not his state-court petition -- triggered the 30-day window for removal, this case was timely filed and cannot be remanded to state court on that basis.

The plaintiff's prayer for relief and settlement demand are not dispositive of the true amount in controversy in this case. See Hollenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 994 (E.D. Mo. 2001) ("Under Missouri law, the prayer for relief is not controlling."); Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 880 (E.D. Mo. 1997) ("[T]he mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount.") (citations omitted). In fact, the evidence in this case strongly suggests that plaintiff is attempting to seek more than $75,000 in damages without actually having to admit it so as to defeat federal jurisdiction. Plaintiff has refused to quantify or even categorize his damages as required by defendant's discovery requests, preferring instead to file a meritless objection to the interrogatory and refer to his non-binding prayer for relief in "a total amount not in excess of $75,000."

Plaintiff has been equally evasive about the amount of damages he is seeking in his motion to remand filed with this Court. While not disputing that his complaint seeks lost wages (which have been estimated between $62,000 and $82,612.74) in addition to "extreme emotional distress and great mental anguish, embarrassment and mortification," damage to his reputation, medical and psychiatric treatment and legal expenses, plaintiff nevertheless asserts that it is "anything but apparent" to him that he will be able to recover more than $75,000 for his "garden-variety false arrest

case." In his reply brief in support of remand, plaintiff attempts to minimize the damages he will actually be entitled to recover by claiming the defendant should have known that his many of his claimed damages were just "boiler-plate synonyms for which no one can recover duplicate damages." (Pl.'s Reply at 5). Yet plaintiff's argument proves too much. It is precisely because plaintiff's complaint contains "boiler-plate synonyms" and non-binding prayers for relief that he must quantify and categorize his damages in response to defendant's discovery requests instead of merely objecting that "the petition speaks for itself as to the amount of damages plaintiff is claiming . . . ." Under these circumstances, I find that defendant has met its burden of demonstrating that the jurisdictional minimum has been met in this case.

In the past, this Court has remanded actions back to state court for lack of subject matter jurisdiction where the plaintiff has stipulated by sworn statement that it would neither seek nor accept damages in excess of the jurisdictional minimum. See Walsh v. J.B. Hunt Transport, Inc., 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998); Corlew, 983 F.Supp. at 879. I believe that a sworn statement is binding on a plaintiff in this Court, as well as any other court, and may be enforced through appropriate sanctions.

Upon review of the record, it appears that this case may be appropriate for

remand based upon a similar sworn statement by the plaintiff. Accordingly, if plaintiff files a stipulation in support of his motion to remand which states that he will neither seek nor accept damages or judgment in excess of $75,000, exclusive of interest and costs, for his claims against the defendant, then the Court will remand the action to state court. Otherwise, plaintiff's motion to remand will be denied. The court shall consider such stipulation if it is filed no later than **February 10, 2006**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a stipulation in accordance with this opinion no later than **February 10, 2006**, or the Court will deny the motion to remand.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2006.